UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD D. WILLIS,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>DAVID L. WILLIS,<br><br>　　　Defendant. | Civil No. 07-4739 (ADM/AJB)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff's complaint provides little factual background in support of his claims against Defendant. For the most part, the complaint is merely a list of legal conclusions and legal theories. Plaintiff alleges, for example, that "the Defendant in an arbitrary and capricious way have [sic] denied the Plaintiff the economic development opportunity for a proper business opportunity by committing a serious contract breach against the Plaintiff." (Complaint, [Docket No. 1], p. 2.) He further alleges that "the Defendant in a continuous and repeating manner has tried to desuade [sic] the Plaintiff from making his keep his business obligations concerning the agreed business deal by utilizing breach of contract

and fraud tactics against the Plaintiff." (Id.) The entire complaint consists of similar allegations, none of which describe any specific events, or any specific acts or omissions by Defendant.

Although much of Plaintiff's complaint is vague and conclusory, it is clear that he is seeking relief based on various common law theories, including fraud and "deception," breach of contract, and unfair business practices. Plaintiff is asking for a judgment against Defendant in the amount of $10,000,000.00 "for the funds that the Plaintiff's business idea would have generated over a period of 5 years, and for current expenses that Plaintiff has spent on the project." (Id., p. 3.)[1]

## II. DISCUSSION

Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.) "Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

In this case, there are no possible grounds for federal subject matter jurisdiction. Subject matter jurisdiction cannot exist under the "federal question" statute, 28 U.S.C. § 1331, because there are no allegations suggesting that Plaintiff's claims are based on the Constitution, laws or treaties of the United States. Instead, it is clear that Plaintiff is

---

[1] Plaintiff has not identified the "business idea" or the "project" referred to in his complaint.

attempting to sue Defendant based solely on various common law causes of action, including fraud, other tort law theories, and breach of contract.

It is also readily apparent that subject matter jurisdiction cannot exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332.  Jurisdiction is conferred by that statute only when (i) the parties reside in different states, and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  Here, the complaint expressly alleges that both Plaintiff and Defendant reside in Texas, so diversity of citizenship obviously does not exist.[2]

Thus, the Court concludes that federal subject matter jurisdiction does not exist in this case, under either the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Plaintiff's IFP application be denied, (see 28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

---

[2] The fact that Defendant resides in Texas and has no apparent connection to the State of Minnesota suggests that even if there were grounds for federal subject matter jurisdiction, this action would have to be summarily dismissed for lack of personal jurisdiction over the named Defendant.  See Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed).

[3] The Court's recommendation does not necessarily mean that Plaintiff has no actionable claim for relief; it simply means that he will have to pursue his claims in state court, rather than federal court.  However, in light of the significant shortcomings of Plaintiff's complaint, he is encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be **DENIED**;

and

2. This action be summarily **DISMISSED** for lack of jurisdiction.


Dated: December 7, 2007

        s/ Arthur J. Boylan
        ARTHUR J. BOYLAN
        United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before December 21, 2007.